## LOWE v JOHNSON

Ohio Appeals, 7th Dist, Jefferson Co

No 778.   Decided June 10, 1932

Lewis, Smith and Francis, Steubenville, for plaintiff in error.

Carl A. Weinman, Steubenville, and John D. Gardner, Steubenville, for defendant in error.

532

consider in this case is error in the charge. It is claimed by the plaintiff in error that these barrels were unlawfully placed on the public highway by the defendant in error. The plaintiff in error claims that the barrels and plank violated §§13421-11 and 7472 GC,—without spending any time on these propositions, it is sufficient to say that we do not think that the barrels and plank, placed as they were on this public highway, constituted a violation of these two sections.

It is further claimed that they were there in violation of §1199-1 GC, which reads as follows:

"Removal of all obstructions; consent and approval of director. It shall be the duty of occupants of land situated along the roads and highways on the state highway system to remove all obstructions within the bounds of such roads and highways which may have been placed there etiher by themselves or their agents or with their consent and not under a franchise or permit legally granted. Provided by first obtaining the consent and approval of the director, obstructions heretofore placed within the bounds of such roads or highways may be permitted to remain upon the condition hereinbefore in this act prescribed."

"It shall be unlawful for any individual, firm or corporation to hereafter place or maintain, except as otherwise provided by law, any post, sign or obstruction within the bounds of any road or highway on the state highway system without first obtaining the consent and approval of the director."

This section makes it unlawful for any one to place or maintain, except as otherwise provided by law, any posts, signs or obstructions within the boundary of any road or highway of this state without first obtaining the consent and approval of the director.

The defendant in error placed these barrels and plank within the bounds of the public highway which is prohibited by the above section, and within the graded part of the highway. The defendant in error was there not using the highway for travel or in any other way for which highways are constructed and used, but was there engaged on the public highway with this device in exhibiting and selling his apples and cider to the traveling public on a Sunday, which was a direct violation of law.

The court in his charge to the jury, commencing on page 329 and continuing

**OPINION**

By POLLOCK, J.

These, in brief, are the substantial facts in this case. The first error that we will

through that page to the following, charged the statutory requirements of persons operating an automobile on the public highways of this state, quoting in full §6310-17 GC, and closing this charge in this regard by saying:

"A driver who violates the law or rules of traffic or fails to adhere to the duties which all drivers should observe is not exercising ordinary care and is therefore negligent."

These rules and regulations are provided by the legislature of this state to govern the conduct of people operating automobiles and traveling on the public highway, and are provided for the protection of those persons using them for a lawful reason. The code provisions are not made to protect persons using the public highway in the conduct of their private business in violation of the law of this state. We do not think the defendant in error was entitled to the protection of the code provisions of a traveler on the highways. The Supreme Court said in referring to §§3326 and 3337 GC which provides the duty of a railroad company to persons crossing or about to cross the tracks of the company and that they do not inure to the benefit of persons who are on the track not at a crossing, and that it was error to charge that the deceased was bound to use reasonable care to detect the approach of a train unless lulled into a feeling of security by the failure of the railroad to observe these statutory regulations. Cleveland & Akron Railroad Company v Workman, Admr., 66 Oh St 590.

This question was further before the Supreme Court in the case of Erie Railroad Company v McCormick, 69 Oh St, 45, and the Supreme Court announced the same principle in the first and third propositions of the syllabus, which reads as follows:

"1. The omission of a duty is not the foundation of an action unless it results in injury to one for whose protection the duty is imposed."

"3. In an action against a railroad company by one who, by his own fault is upon its track and in a place of danger, to recover for a personal injury caused by the failure of its employes operating one of its trains to exercise due care after knowledge of his peril, it is necessary to show actual knowledge imputable to the company. Railroad Co. v Kassen, 49 Oh St, 230, distinguished."

In the opinion on page 52 the court said: "The omission of a duty does not constitute the foundation of an action unless it results in injury to one for whose protection the duty is imposed."

We think that it was error for the court to charge the jury that the plaintiff in error for the protection of defendant in error was required to obey these statutory regulations and if she failed to do so it was negligence on her part. The duty which plaintiff in error owed the defendant in error at this time was controlled by the common law rules. For these reasons we think there was error in the court giving the charge that he did.

The next error that we will notice is in request to charge made before argument, and also the same requests were asked to be given after argument and were refused to be given at either time by the court. We have described the position and what the defendant in error was doing at the time of this accident. He had been instrumental in placing the barrels and plank in the public highway and was engaged in doing what we have stated. From the evidence there is uncertainty about how the defendant received his injuries. The car which stopped opposite the place where defendant was working was operated by a Mr. Willis, who testified that the car of plaintiff in error struck the defendant in error. He was on the opposite side of the road from the accident and the opposite side of the car which plaintiff in error was operating. From a reading of his evidence it is impossible to learn whether he actually saw the collision or not, and there is no certainty from his evidence that the car struck the defendant in error, or whether striking the plank, it, the plank, was not knocked against the defendant in error and his injuries were received in that way. The wife of Willis, who was also in the car, testified that she could not see because she was on the opposite side of the Cadillac car. A witness, Mrs. Rideout, was following the plaintiff in error's car some hundred or hundred and fifty feet in the rear and had the better opportunity of seeing. On direct examination she answers to the question as to what happened to the defendant in error: "He must evidently have been hit by the car. The next time that I saw him he was turned into a ball." This is the evidence, or we might say the direct evidence regarding the cause of the injury to the defendant in error. The plaintiff had her sister, Miss

Ward, riding in the car with her, who testified to having passed a third car and approached the two cars which we have described in front of them, and that plaintiff in error had just started to pull to the left to go around these two cars, when the first car stopped and the second car turned to the left also, and she had to turn over farther on the berm, and after getting into this position she said the rear wheels of her car turned further to the left. It is evident that the front of the car passed this plank and barrel obstruction without interfering with it. The rear fender of the car struck the end of the plank and was dented, and also the rear door was somewhat damaged. This is testified to both by Mrs. Lowe and her sister, so that the rear end of the car must have been further to the left than the front end.

The defendant in error testified that he saw the car of plaintiff in error when it was five or ten feet from him and started to run. That is his testimony regarding the accident.

If plaintiff in error's car would have passed defendant in error in safety, had it not been for striking the plank and throwing it against the defendant in error, then the plank was the immediate cause of defendant in error's injury, and his unlawful placing of the barrels and plank in the highway had a causal connection with his injury.

We think that the probabilities, that plaintiff in error's car did not come into personal contact with Mr. Johnson, but that his injuries were caused by the plank which was struck by the automobile being thrown against defendant in error, were such as to require the court to submit that proposition to the jury.

Then the defendant in error's contributory negligence became a question for the jury under appropriate instructions by the court.

We do not intend to refer to all of the requests to charge which were refused and of which complaint is made, but we will only refer to the first.

"1. You are instructed that the place where this accident occurred is on state highway number 43, of the state highway system of Ohio, and that the construction of a stand by the plaintiff within the boundary of said highway without the consent of the director of the highway was unlawful, and. if you find from the evidence that the placing of said obstruction on the said highway was the proximate cause of the injury received by plaintiff, then your verdict should be for the defendant."

In order for the defendant in error to recover it is not only necessary that the plaintiff in error should be guilty of negligence, but defendant in error should be free from contributory negligence. Whenever contributory negligence is claimed in a case, even if the defendant is guilty of negligence proximately causing the accident, there is also a second proximate cause in the case: was the plaintiff guilty of negligence proximately causing his injury? The defendant is governed by the same rules of negligence and proximate cause as the plaintiff.

The Supreme Court said in the case of **Chesrown v Bevier, 101 Oh St, 242,** in the last proposition of the syllabus:

"The violation of a statute passed for the protection of the public is negligence per se."

Approving the case of **Schell v Dubois, Admr., 94 Oh St, 93,** where the first proposition of the syllabus reads:

"The violation of a statute passed for the protection of the public is negligence per se, and where such act of negligence by a defendant is the direct and proximate cause of an injury not directly contributed to by the injured person, the defendant is liable."

These principles were just as binding on the defendant in error, and their violation if it is a proximate cause of the injury, prevents a recovery. Defendant in error had placed this obstruction in the highway, in violation of §1199-1 GC. If his injuries were the result of the car striking the plank and the plank striking the defendant in error and causing his injury, his injury was caused directly and proximately by his own violation of a statute passed for the protection of the public traveling on the highway.

We think that the evidence in this case was such that the proposition of the defendant in error's own negligence should have been submited to the jury, and that the charge requested that we have referred to should have been given. It announces the correct proposition of law. If the court thought it was too general he should have applied the principle more specially to the facts in this case in his charge.

There is another error complained of. The defendant in error was asked, and Mr.

Douglas who assisted him in placing these barrels and plank in the road, if they had obtained the consent and approval of the director of highways. There was an objection and the objection was sustained. The plaintiff in error had a right to know affirmatively from the defendant in error and his witness whether the compliance with the statute had been obtained.

There is another error complained of in the admission of testimony. One of the witnesses, a Mr. Kline, was asked: "Did you see her hit anyone else out there," referring to the plaintiff in error. There was an objection made and overruled. He was permitted to answer and afterwards it was taken from the jury. It was error to ask such a question, but in the condition of the record we do not think it could affect the verdict.

For these reasons the judgment is reversed.

FARR, J, concurs in the judgment.
ROBERTS, J, dissents.